

**Stephen F. English**, OSB #730843
E-Mail: steve.english@bullivant.com
**David A. Ernst**, OSB #851967
E-Mail: dave.ernst@bullivant.com
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for Church Defendants

FILED'09 DEC 31 12:57USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| DAVID DOE, an individual proceeding under a fictitious name,<br><br>      Plaintiff,<br><br>  v.<br><br>CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in the State of Oregon; CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation sole registered to do business in the State of Oregon; MICHAEL SIMMS, an Oregon resident; RICHARD BOLTON, LCSW, an Oregon resident,<br><br>      Defendants. | CV '09-1523 HU<br><br>Civil No.:<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Multnomah County Circuit Court Case No. 0911-15935 |

**NOTICE OF REMOVAL OF CIVIL ACTION**
**Page 1**

30845

Defendants Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints and Corporation of the President of the Church of Jesus Christ of Latter-day Saints and Successors (hereinafter "Church defendants") respectfully submit this notice of removal pursuant to 28 USC § 1441(a), removing the above-captioned action (the "action") from Multnomah County Circuit Court to the United States District Court for the District of Oregon. As grounds for said removal, the Church defendants state as follows:

1.    On or about November 16, 2009, plaintiff filed an action in the Circuit Court of the State of Oregon for Multnomah County, styled and captioned exactly as above, as Case No. 0911-15935.

2.    The Church defendants were served with summons and first amended complaint ("complaint") on December 2, 2009. (Exhibit 1.) Defendant Richard Bolton, LCSW, was served with summons and complaint on or about December 2, 2009. Defendant Michael Simms has not been served with summons and complaint. This notice of removal is timely served under 28 USC § 1446(b). No other process, pleadings, or orders have been served on any defendants in the action, and no answers or other responsive pleadings have been filed.

3.    The United States District Court for the District of Oregon is the appropriate court for filing a notice of removal from the Multnomah County Circuit Court, where the action is pending and, accordingly, the Church defendants respectfully remove the action to this court.

4.    As confirmed by the signature of his counsel below, defendant Bolton consents to this removal. Defendant Simms has not been served and his consent to removal is not required.

**THE COURT HAS DIVERSITY JURISDICTION OVER THE ACTION BECAUSE ALL PROPERLY JOINED PARTIES ARE DIVERSE**

5.    28 USC § 1441(a) provides that, unless an express statutory exception applies,

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**NOTICE OF REMOVAL OF CIVIL ACTION**
**Page 2**

"any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This court has original jurisdiction over the action because, as set forth below, it is a civil action between citizens of states and a citizen or subject of a foreign state and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. *See* 28 USC § 1332(a)(2). No statutory exception applies here. Accordingly, the action is removable to this court.

### Citizenship of the Parties

6.    At the time of this filing and at all times relevant to this notice of removal, including but not limited to the time this lawsuit was filed, plaintiff is and has been a citizen of the state of Oregon, and is and has been domiciled in Oregon, residing there and with the intent to remain there.

7.    At the time of this filing and at all times relevant to this notice of removal, including but not limited to the time this lawsuit was filed, the Church defendants are religious corporations sole incorporated under the laws of the State of Utah and having their principal place of operation in the State of Utah, and, accordingly, are citizens of the State of Utah.

8.    The complaint heading contends that Michael Simms is an Oregon resident. But the complaint does not allege facts establishing the citizenship of defendant Michael Simms.

9.    The attached Declaration from Michael Simms shows he is a Utah resident who has lived in Utah for the last 31 years and has not resided in Oregon since 1978. *See,* Exhibit 2, Declaration of Michael Simms at ¶ 3. Thus defendant Simms is and has been a citizen of the state of Utah, and is and has been domiciled in Utah, residing there and with the intent to remain there.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

NOTICE OF REMOVAL OF CIVIL ACTION
Page 3

10.     At the time of this filing and at all times relevant to this notice of removal, including but not limited to the time this lawsuit was filed, defendant Richard Bolton is and has been a citizen of the state of Oregon, and is and has been domiciled in Oregon, residing there and with the intent to remain there.

### Fraudulent Joinder of Defendant Richard Bolton

11.     "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F3d 1061, 1067 (9th Cir 2001) (*quoting McCabe v. Gen. Foods Corp.*, 811 F2d 1336, 1339 (9th Cir 1987)). This Court may go beyond the face of the Complaint in considering whether a defendant is fraudulently joined. *See, e.g., Morris, supra.* The complaint fails to state any viable cause of action against defendant Richard Bolton, and the failure is obvious according to settled Oregon law, making his joinder fraudulent and this removal proper.

12.     The complaint fails to state any viable cause of action against defendant Richard Bolton, and the failure is obvious according to settled Oregon law, for at least the following reasons. The complaint alleges two claims for relief against defendant Bolton. The first is the Second Claim for Relief for "intentional infliction of emotional distress," which is asserted against all defendants. (Complaint, ¶ 15.) This claim alleges that defendant Michael Simms knowingly and intentionally caused severe emotional distress to plaintiff when he sexually battered and abused plaintiff. (Complaint, ¶ 16.) There is a complete absence of facts alleged from which a factfinder could conclude that Bolton is liable for Simms' alleged conduct on the basis of *respondeat superior*. In fact, there are no facts at all alleged about Richard Bolton in this claim. The only place in the complaint where factual allegations are made concerning Bolton is in the Fourth Claim for Relief, where it is alleged that Bolton served as a "mental health counselor" for plaintiff in 1977, after plaintiff

**NOTICE OF REMOVAL OF CIVIL ACTION**
**Page 4**

was abused by Simms. (Complaint, ¶ 29.) It is further alleged that plaintiff disclosed to Bolton that Simms had molested him, and that Bolton failed to report this abuse to law enforcement. *Id.* Even if the allegations in paragraph 29 were incorporated into the Second Claim for Relief, which they are not, they would provide no conceivable basis by which Bolton could be vicariously liable for the abuse by Simms.

13.    As noted, the other claim brought against Bolton is the Fourth Claim for Relief for "negligence – failure to report." It is alleged that in 1977 Bolton had a duty to report Simms' abuse of plaintiff to law enforcement, and that Bolton's failure to do so was in and of itself "child abuse" such that the extended statute of limitations in ORS 12.117 would apply even though this action was filed 32 years after Bolton's alleged failure to report. (Complaint, ¶ 30.)

14.    Under *Morris, supra*, it is obvious under settled Oregon law that the Fourth Claim for Relief fails to state a cause of action against Bolton. First, no Oregon authority supports the contention that a private cause of action for negligence exists for failure to comply with the reporting statute. Second, nothing in the legislative history of ORS 12.117 nor in the case law interpreting that statute supports the contention that a failure to report child abuse could itself be considered "child abuse" as that term is used in ORS 12.117(1) and defined in ORS 12.117(2). Finally, there are no facts alleged in the complaint which would permit a reasonable inference that the alleged failure to report was a cause of damage to plaintiff.

### Amount in Controversy

15.    According to the complaint, plaintiff seeks combined economic and noneconomic damages of at least $4,750,000, exceeding the $75,000 (exclusive of interest and costs) amount in controversy requirement of 28 USC § 1332.

16.    Pursuant to 28 USC § 1446(d), a copy of this notice of removal is being promptly filed with the Clerk of the Multnomah County Circuit Court.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**NOTICE OF REMOVAL OF CIVIL ACTION
Page 5**

WHEREFORE, the Church defendants give notice that this action, now pending in the Circuit Court of the State of Oregon for the County of Multnomah as Case No. 0911-15935, is hereby removed from that court to this Court.

DATED:  December  31  , 2009

BULLIVANT HOUSER BAILEY PC


By  _David A. Ernst_____
   **Stephen F. English**
   OSB #730843
   **David A. Ernst**
   OSB #851967
   Telephone: 503.228.6351
   Attorneys for Church Defendants


Defendant Richard Bolton consents to and joins in this removal.

DATED:  December  30  , 2009

HOFFMAN ANGELI LLP


By  _David Angeli (with permission)_
   **David H. Angeli**
   OSB #020244
   **Telephone: 503.222-1125**

   Attorneys for Defendant Bolton


12151886.1

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**NOTICE OF REMOVAL OF CIVIL ACTION
Page 6**

1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                              FOR MULTNOMAH COUNTY

6    DAVID DOE, an individual proceeding under a      )    Case No. 0911-15935
     fictitious name,
7                                                      )
                            Plaintiff                  )
8        v.                                            )    **FIRST AMENDED COMPLAINT**
                                                       )    (Sexual Abuse of a Child/*Respondeat*
9    CORPORATION OF THE PRESIDING                      )    *Superior*, Intentional Infliction of
     BISHOP OF THE CHURCH OF JESUS                     )    Emotional Distress/*Respondeat*
10   CHRIST OF LATTER-DAY SAINTS, a foreign            )    *Superior*, Negligence)
     corporation sole registered to do business in the )
11   State of Oregon; CORPORATION OF THE              )
     PRESIDENT OF THE CHURCH OF JESUS                  )
12   CHRIST OF LATTER-DAY SAINTS AND                   )
     SUCCESSORS, a foreign corporation sole            )    **JURY TRIAL DEMANDED**
13   registered to do business in the State of Oregon; )
     MICHAEL SIMMS; and RICHARD BOLTON,               )    Not Subject to Mandatory Arbitration
14   LCSW,                                             )    Prayer: $4,250,000.00
                                                       )
15                          Defendants.                )

16

17       Plaintiff alleges:

18                              (Common Allegations)

19                                    1.

20       Plaintiff David Doe is an adult male born in the year 1963, who at all times relevant to

21   this complaint was an unemancipated minor child who was a member of the Woodburn, Oregon

22   Church of Jesus Christ of Latter-Day Saints (LDS) Ward, and who attended church services,

23   music lessons, and various other LDS activities at the Ward facilities, all at the invitation or

24   behest of and under the guidance of LDS Defendants or agents of the LDS Defendants.

25   ////

26   ////

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1                                    2.

2          At all times relevant to this complaint, the Corporation of the President of the Church of

3   Jesus Christ of Latter-day Saints and Successors, was a foreign religious corporation sole of the

4   Church of Jesus Christ of Latter-day Saints operating in Oregon.  At all times relevant to this

5   complaint, the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day

6   Saints, was a foreign religious corporation sole of the LDS Church operating in Oregon.  The

7   Corporation of the President and Corporation of the Presiding Bishop will be referred to

8   collectively hereinafter as "LDS Church" or "LDS Defendants."  At all times relevant to this

9   complaint, the LDS Church conducted regular, sustained business activity in Multnomah County,

10  Oregon.  As part of the LDS Church's religious mission, the Church authorized and selected

11  leaders known as Bishops and Stake Presidents to administer the congregation known as the

12  Woodburn Ward.  As part of their duties for the Church, the leaders of the Woodburn Ward—all

13  agents of the LDS Church—selected, in the form of "callings" various church administrators,

14  spiritual leaders, home teachers, Sunday school teachers, and in particular music teachers to

15  interact with, educate, and minister to the children involved in the Ward, including Plaintiff in

16  this case.

17                                   3.

18         At all times relevant this complaint, Defendant Michael Simms (hereinafter "Simms")

19  was a member of the LDS Woodburn Ward who was chosen by Ward leadership for various

20  "callings," including that of church organist.  In or about 1969, Defendants also assigned Simms

21  to act as a music teacher for Plaintiff, then 11 years old with a precocious musical talent.

22  Defendants knew that as part of his duties as a music teacher, representative, and agent of the

23  LDS Church, Simms would be in a position of trust and confidence with LDS members,

24  including the Plaintiff in this case.

25  ////

26  ////

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1                                              4.

2          While working in the Woodburn Ward as a church organist and music teacher to Plaintiff,

3    and for the purpose of furthering his assigned duties, Simms identified Plaintiff's family as ones

4    with an adolescent boy; befriended Plaintiff and his family; gained the family's trust and

5    confidence as an educational and spiritual guide, and as a valuable and trustworthy mentor to

6    Plaintiff; gained the permission, acquiescence, and support of Plaintiff's family to spend

7    substantial periods of time alone with Plaintiff; and sought and gained the instruction of

8    Plaintiff's parents to Plaintiff that he was to have respect for Simms' authority and to comply

9    with Simms' instruction and requests.

10                                             5.

11         For the purpose of furthering his duties as a music teacher and organist, and mentor to

12   Plaintiff, Simms also sought and gained the friendship, admiration and obedience of Plaintiff. As

13   a result, Plaintiff was conditioned to trust Simms, to comply with Simms' direction, and to

14   respect Simms as a person of authority in spiritual, moral, and ethical matters. The above course

15   of conduct described in this paragraph and in paragraph 4, above, is hereinafter collectively

16   referred to as "Grooming."

17                                             6.

18         Simms, while acting within the course and scope of his employment, agency, or apparent

19   authority, with the LDS Defendants and using the authority and position of trust as organist and

20   music teacher on behalf of the LDS Defendants—through the Grooming process—induced and

21   directed Plaintiff David Doe to engage in various sexual acts with Simms.

22                                             7.

23         Simms, an adult, engaged in intentional conduct that resulted in some or all of the

24   following: physical injury, mental injury, sexual abuse, and sexual exploitation of Plaintiff as

25   those terms are used in ORS 12.117. Specifically, Simms sexually abused and molested Plaintiff

26   David Doe from approximately 1974 through 1976 by engaging in forced oral sex, fondling, and

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1    digital sodomy on approximately 100 occasions, all while Simms was acting as LDS Defendants'

2    agent.

3                                          8.

4          As a result of Simms' sexual abuse, molestation, and breach of authority, and trust in his

5    position as an agent of LDS Defendants to David Doe, Plaintiff David Doe has suffered and

6    continues to suffer severe and debilitating physical, mental, and emotional injury, including pain

7    and suffering, physical and emotional trauma, and permanent psychological damage distinct in

8    time and nature from the abuse, all to his non-economic damages in the amount of

9    $4,000,000.00, the exact amount of which will be proven at the time of trial.

10                                         9.

11          As an additional result and consequence of Simms' sexual abuse, molestation, and breach

12    of authority, and trust to David Doe, Plaintiff David Doe has incurred and/or will incur in the

13    future, costs for counseling, psychiatric and psychological medical treatment all to his economic

14    damages in the approximate amount of $250,000.00, the exact amount of which will be proven at

15    the time of trial.

16

17                        **FIRST CLAIM FOR RELIEF**
                    Against LDS Defendants and Defendant Simms
18                  (Sexual Abuse of a Child/*Respondeat Superior*)

19                                        10.

20          Plaintiff David Doe realleges and incorporates by reference paragraphs 1 through 9,

21    above.

22                                        11.

23          The sexual molestation described in paragraphs 6 and 7, above, constituted a harmful or

24    offensive touching of Plaintiff David Doe, to which he did not and could not consent.

25    ////

26    ////

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

EXHIBIT ___1___ Pg ___4___

1                                    12.

2          Simms used the Grooming process described in paragraphs 4 and 5 to accomplish his

3   acts of sexual molestation and battery of the Plaintiff David Doe. Simms' Grooming was or

4   reasonably appeared to be (1) committed in direct connection and for the purposes of fulfilling

5   Simms' apparent employment and agency with the LDS Defendants; (2) committed within the

6   time and space limits of his agency; (3) done initially and at least in part from a desire to serve

7   the interests of the LDS Defendants; (4) done directly in the performance of his duties as an agent

8   of LDS Defendants; (5) consisted generally of actions of a kind and nature which Simms was

9   required to perform as an agent of LDS Defendants; and (6) was done at the direction of, and

10  pursuant to, the power vested in him by the LDS Defendants. The Grooming— undertaken

11  within the scope of Simms' agency or apparent authority—led to and resulted in Plaintiff's

12  abuse.

13                                   13.

14         As a result of Simms' sexual molestation and battery, Plaintiff David Doe has suffered

15  permanent and lasting injuries distinct from the abuse itself, as detailed above in paragraphs 8

16  and 9, above..

17                                   14.

18         In 2007, Plaintiff David Doe discovered the causal connection between his abuse set forth

19  in paragraph 6 and 7 above, and the injuries he suffered—distinct in time and nature from the

20  abuse itself—as set forth in paragraphs 8 and 9 above. Prior to 2007, Plaintiff David Doe did not

21  discover, and could not reasonably have discovered, the causal connection between the abuse

22  itself and the injuries he suffered that were distinct from, and incurred as a result of, the abuse.

23  ////

24  ////

25  ////

26  ////

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1

## SECOND CLAIM FOR RELIEF
Against All Defendants
2       (Intentional Infliction of Emotional Distress/*Respondeat Superior*)

3                                     15.

4       Plaintiff David Doe realleges and incorporates by reference paragraphs 1 through 14,

5    above.

6                                     16.

7       Simms, while engaging in the Grooming process described in paragraphs 4 and 5, above,

8    knowingly and intentionally caused severe emotional distress to Plaintiff David Doe when he

9    sexually battered and abused Plaintiff. Plaintiff David Doe did in fact suffer severe emotional

10   distress as a result of this abuse, and the sexual abuse of a child is beyond the bounds of all

11   socially tolerable conduct.

12

13                                    17.

14      Simms used the Grooming process described in paragraphs 4 and 5, above, to

15   intentionally inflict severe emotional distress through the abuse of Plaintiff David Doe. Simms'

16   Grooming was committed within the course and scope of his agency or apparent authority as

17   described in paragraph 12, above.

18                                    18.

19      As a result of Simms' intentional infliction of emotional distress on Plaintiff David Doe

20   and Simms' breach of trust and position as a teacher and mentor to the Plaintiff, Plaintiff David

21   Doe has suffered permanent and lasting injuries distinct from the abuse itself, as detailed above

22   in paragraphs 8 and 9, above.

23                                    19.

24      In 2007, Plaintiff David Doe discovered the causal connection between his abuse set forth

25   in paragraph 6 and 7 above, and the injuries he suffered—distinct in time and nature from the

26   abuse itself—as set forth in paragraphs 8 and 9 above. Prior to 2007, Plaintiff David Doe did not

Page 6       COMPLAINT

EXHIBIT ____ Pg ____

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1    discover, and could not reasonably have discovered, the causal connection between the abuse

2    itself and the injuries he suffered that were distinct from, and incurred as a result of, the abuse.

3

4                                **THIRD CLAIM FOR RELIEF**
                                   Against LDS Defendants
5                              *(Negligence — Failure to Protect)*

6                                            20.

7            Plaintiff David Doe realleges and incorporates by reference paragraphs 1 through 19,

8    above.

9

10                                           21.

11           LDS Defendants created a special relationship with Plaintiff by inviting and encouraging

12   him to participate in religious and musical activities within the LDS Church and with their agent

13   Simms. This special relationship created a duty of care on the part of LDS Defendants to ensure

14   Plaintiff's safety while participating in LDS Defendants' activities.

15                                           22.

16           At some point during the abuse of Plaintiff, Plaintiff acknowledged to his mother that he

17   had been abused by Simms. Unbeknownst to Plaintiff, his mother approached the then-Stake

18   President (a former LDS Bishop) in 1975, and informed him of Simms' abuse of Plaintiff. LDS

19   Defendants and their agents failed to investigate Plaintiff's allegations, failed to remove Simms

20   from his position as organist for the church or from his other callings, failed to report the abuse

21   to law enforcement, failed to prevent Simms from attending services at the Ward, failed to

22   disclose Simms' abuse to the general LDS Ward community, and failed to exercise what control

23   they had over Simms as their agent to prevent him from continuing to molest Plaintiff.

24   Plaintiff's parents did not report the abuse because of religious pressure from LDS Defendants'

25   agents to not discuss the matter with anyone else, even other members of the Ward community.

26   ////

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1                                23.

2      Simms was able to continue molesting Plaintiff because Plaintiff was by then seduced by

3  Simms and sought him out. Thus, Simms was able to use his preexisting Grooming relationship

4  with Plaintiff to continue abusing him, even after the abuse was disclosed to Plaintiff's parents

5  and LDS agents.

6                                24.

7      It was foreseeable to LDS Defendants that Plaintiff was placed in danger by Simms and

8  that Simms likely would molest Plaintiff again unless prevented from doing so. It was further

9  foreseeable that LDS Defendants' failure to exclude Simms from LDS Church activities or

10  remove him from his callings would lead to further abuse of Plaintiff. Finally, it was foreseeable

11  to LDS Defendants that predatory child molesters would engage in serial abuse of minors under

12  their care, that Simms likely had additional victims that had not been discovered, who denied or

13  remained silent about the abuse, or who would be abused in the future.

14

15                                25.

16      LDS Defendants' failure to exclude Simms from Church activities, to protect Plaintiff, or

17  to warn the LDS Ward created a foreseeable risk of harm to Plaintiff. LDS Defendants thereby

18  knowingly allowed and permitted or encouraged child abuse through their negligence. Plaintiff's

19  interest in being free from sexual molestation is an interest of a kind that the law protects against

20  negligent invasion, and Plaintiff was in the class of victims to be protected from known child

21  molesters. LDS Defendants' failure to warn and their acquiescence to Simms' presence at

22  Church activities was unreasonable in light of the risk posed to minor boys by Simms, and was a

23  direct and foreseeable cause of the respective molestation and damages suffered by the Plaintiff,

24  as alleged in paragraphs 6, 7, 8, and 9, above.

25  ////

26  ////

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1                                      26.

2        In 2008, Plaintiff David Doe discovered that his mother had disclosed and discussed his

3   abuse with the Stake President in or about 1975.  Prior to 2008, Plaintiff David Doe did not

4   discover that LDS Defendants had knowledge of his abuse at the time it was occurring and thus

5   had no knowledge that LDS Defendants had acted negligently in permitting his abuse to

6   continue.

7                                      27.

8        Pursuant to ORS § 31.725, Plaintiffs hereby give notice to LDS Defendants of their intent

9   to move for punitive damages against the LDS Defendants at any time after the filing of this

10  complaint.

11

12

13                      **FOURTH CLAIM FOR RELIEF**
                         Against Defendant Richard Bolton
14                       *(Negligence — Failure to Report)*

15                                      28.

16       Plaintiff David Doe realleges and incorporates by reference paragraphs 1 through 19,

17  above.

18

19                                      29.

20       Defendant Richard Bolton is an Oregon licensed clinical social worker and current

21  Oregon resident.  In or around 1977, he served as a mental health counselor for Plaintiff.  At that

22  time, Plaintiff disclosed to Defendant Bolton that Simms had molested him, and that Simms was

23  an adult male.  Defendant Bolton failed to report this abuse to law enforcement or to the

24  Department of Human Services (DHS).

25  ////

26  ////

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

EXHIBIT ____ Pg ____

1                                        30.

2          Defendant Bolton created a special relationship with Plaintiff when he invited the

3  Plaintiff into a counselor-client relationship. This relationship created a duty on the part of

4  Defendant Bolton to take all steps reasonably necessary to assist Plaintiff in healing and to

5  relieve the mental anguish that Plaintiff was suffering from Simms' abuse. The definition of

6  "child abuse" under ORS 12.117 includes "mental injury" of the type that Plaintiff was suffering

7  when being treated by Bolton. Defendant Bolton knowingly allowed this child abuse in the form

8  of mental injury to continue by failing to report Plaintiffs' abuse to law enforcement or DHS.

9                                        31.

10         It was foreseeable to Defendant Bolton that Plaintiff would continue to suffer this child

11 abuse in the form of mental injury if no report was made, and that by failing to at least attempt to

12 involve government investigatory agencies, that Plaintiff would continue to suffer damages and

13 incur additional damages in the form of continued emotional and psychological pain and

14 suffering. Defendant Bolton's failure to report thereby created a foreseeable risk of harm to

15 Plaintiff.

16                                        32.

17         Plaintiff's interest in being free from continued, unaddressed mental injury as a child

18 arising from a failure to report child abuse is an interest of a kind that the law protects against

19 negligent invasion, and Plaintiff was in the class of potential victims to be protected by reporting

20 child abuse.

21                                        33.

22         Because of Defendant Bolton's failure to report, Plaintiff incurred a portion of his non-

23 economic damages after the dates of his treatment in the amount of $500,000.00, the exact

24 amount to be determined by the jury at trial. As a result of Defendant Bolton's failure to report,

25 Plaintiff has also incurred a portion of his economic damages in the amount of $100,000.00, the

26 exact amount to be determined by the jury at trial.

Page 10    COMPLAINT

EXHIBIT ___1___ Pg __10__

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1        34.

2        In 2007, Plaintiff David Doe discovered the causal connection between his abuse set forth

3    in paragraph 6 and 7 above, and the injuries he suffered—distinct in time and nature from the

4    abuse itself—as set forth in paragraphs 8, 9, and 33 above.  Prior to 2007, Plaintiff David Doe

5    did not discover, and could not reasonably have discovered, the causal connection between the

6    abuse itself and the injuries he suffered that were distinct from, and incurred as a result of, the

7    abuse.

8

9        WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as

10   follows:

11       1.    If successful on Plaintiff's First or Second Claims for Relief, non-economic

12   damages for Plaintiff David Doe in the amount of $4,000,000.00, the exact amount to be

13   determined by the jury at the time of trial;

14       2.    If successful on Plaintiff's First or Second Claims for Relief, economic damages

15   for Plaintiff David Doe in the amount of $250,000.00, the exact amount to be determined by the

16   jury at the time of trial;

17       3.    If successful on Plaintiff's Third Claim for Relief, non-economic damages against

18   LDS Defendants for Plaintiff David Doe in the amount of $4,000,000.00, the exact amount to be

19   determined by the jury at the time of trial;

20       4.    If successful on Plaintiff's Third Claim for Relief, economic damages against

21   LDS Defendants for Plaintiff David Doe in the amount of $250,000.00, the exact amount to be

22   determined by the jury at the time of trial;

23       5.    If successful on Plaintiff's Fourth Claim for Relief, non-economic damages

24   against Defendant Bolton for Plaintiff David Doe in the amount of $500,000.00, the exact

25   amount to be determined by the jury at the time of trial;

26   ////

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

6.     If successful on Plaintiff's Fourth Claim for Relief, economic damages against Defendant Bolton for Plaintiff David Doe in the amount of $100,000.00, the exact amount to be determined by the jury at the time of trial;

7.     For Plaintiffs' costs and disbursements incurred; and

8.     For any other relief this Court deems just and equitable.

DATED this **23** day of November, 2009.

O'DONNELL CLARK & CREW LLP

Kelly Clark, OSB #83172
Kristian Roggendorf, OSB #01399
*Of Attorneys for Plaintiff*

Gilion C. Dumas, OSB #92293
*Of Attorneys for Plaintiff*

O'DONNELL CLARK & CREW LLP

FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

# TRUE COPY

1

2

3

4              IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                        FOR MULTNOMAH COUNTY

6    DAVID DOE, an individual proceeding under a   )   Case No. 0911-15935
     fictitious name,                              )
7                        Plaintiff,                )   SUMMONS
                                                   )
             v.                                    )
8    CORPORATION OF THE PRESIDING                  )
     BISHOP OF THE CHURCH OF JESUS                 )
9    CHRIST OF LATTER-DAY SAINTS, a                )
     foreign corporation sole registered to do     )
10   business in the State of Oregon;              )
     CORPORATION OF THE PRESIDENT OF               )
11   THE CHURCH OF JESUS CHRIST OF                 )
     LATTER-DAY SAINTS AND                         )
12   SUCCESSORS, a foreign corporation sole        )
     registered to do business in the State of      )
13   Oregon; MICHAEL SIMMS; and RICHARD            )
     BOLTON, LCSW,                                 )
14                       Defendants.               )

15

     **TO:**  THE CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF
16          LATTER-DAY SAINTS

17          You are hereby required to appear and defend the complaint filed against you in the above-entitled action
     within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so,
18   for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

                                                        **If you need help in finding an attorney, you**
19   **NOTICE TO THE DEFENDANT:**                        **may call the Oregon State Bar's Lawyer**
     **READ THESE PAPERS CAREFULLY!**                    **Referral Service at (503) 684-3763 or toll free**
20                                                       **in Oregon at (800) 452-7636.**
     You must "appear" in this case or the other side will win
21   automatically. To "appear" you must file with the court
     a legal paper called a "motion" or "answer." The
22   "motion" or "answer" must be given to the court clerk or   Signature of Attorney/Author for Plaintiff
     administrator within 30 days along with the required
23   filing fee. It must be in proper form and have proof of
     service on the plaintiff's attorney or, if the plaintiff does   Kelly W.G. Clark, OSB# 83172
24   not have an attorney, proof of service upon the plaintiff.   Attorney's/Author's Name (Printed)  Bar No.
     If you have any questions, you should see an attorney
25   immediately.

26                                                       Trial Attorney if Other than Above (Printed)
                                                         Bar No.

Page 1    SUMMONS                                     O'DONNELL CLARK & CREW LLP
                                                         1650 NW Naito Parkway Suite 302
                                                             Portland, Oregon 97209
EXHIBIT ___ Pg ___                                   Ph: (503) 306-0224 Fax: (503) 306-0257

1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                              FOR MULTNOMAH COUNTY

6    DAVID DOE, an individual proceeding under a  )    Case No. 0911-15935
     fictitious name,                            )
7                        Plaintiff,              )    SUMMONS
                   v.                            )
8    CORPORATION OF THE PRESIDING                )
     BISHOP OF THE CHURCH OF JESUS               )
9    CHRIST OF LATTER-DAY SAINTS, a              )
     foreign corporation sole registered to do   )
10   business in the State of Oregon;            )
     CORPORATION OF THE PRESIDENT OF             )
11   THE CHURCH OF JESUS CHRIST OF               )
     LATTER-DAY SAINTS AND                       )
12   SUCCESSORS, a foreign corporation sole      )
     registered to do business in the State of    )
13   Oregon; MICHAEL SIMMS; and RICHARD          )
     BOLTON, LCSW,                               )
14                        Defendants.            )

15
     TO:    CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-
16          DAY SAINTS AND SUCCESSORS

17          You are hereby required to appear and defend the complaint filed against you in the above-entitled action
     within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so,
18   for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

19   NOTICE TO THE DEFENDANT:                     **If you need help in finding an attorney, you
     READ THESE PAPERS CAREFULLY!                 may call the Oregon State Bar's Lawyer
20                                                 Referral Service at (503) 684-3763 or toll free
     You must "appear" in this case or the other side will win   in Oregon at (800) 452-7636.**
21   automatically. To "appear" you must file with the court
     a legal paper called a "motion" or "answer." The
22   "motion" or "answer" must be given to the court clerk or   _____
     administrator within 30 days along with the required       Signature of Attorney/Author for Plaintiff
23   filing fee.  It must be in proper form and have proof of
     service on the plaintiff's attorney or, if the plaintiff does
24   not have an attorney, proof of service upon the plaintiff.   Kelly W.G. Clark, OSB# 83172
     If you have any questions, you should see an attorney       Attorney's/Author's Name (Printed)  Bar No.
25   immediately.

26                                                 _____
                                                   Trial Attorney if Other than Above (Printed)
                                                   Bar No.

EXHIBIT ___1___ Pg __14__

Page 1        SUMMONS

O'DONNELL, CLARK & CREW LLP
1650 NW Naito Parkway Suite 302
Portland, Oregon 97209
Ph: (503) 306-0224 Fax: (503) 306-0257

1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                              FOR MULTNOMAH COUNTY

6   DAVID DOE, an individual proceeding under a   )   Case No. 0911-15935
    fictitious name,                              )
7                        Plaintiff,               )   SUMMONS
                    v.                            )
8   CORPORATION OF THE PRESIDING                   )
    BISHOP OF THE CHURCH OF JESUS                  )
9   CHRIST OF LATTER-DAY SAINTS, a                 )
    foreign corporation sole registered to do     )
10  business in the State of Oregon;               )
    CORPORATION OF THE PRESIDENT OF                )
11  THE CHURCH OF JESUS CHRIST OF                  )
    LATTER-DAY SAINTS AND                          )
12  SUCCESSORS, a foreign corporation sole         )
    registered to do business in the State of      )
13  Oregon; MICHAEL SIMMS; and RICHARD             )
    BOLTON, LCSW,                                  )
14                       Defendants.               )

15
    **TO:   RICHARD BOLTON LCSW MSW**
16          **1698 Liberty St.**
            **Salem, OR**
17          (503) 370-7775

18          You are hereby required to appear and defend the complaint filed against you in the above-entitled action
    within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so,
19  for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

20  **NOTICE TO THE DEFENDANT:**              **If you need help in finding an attorney, you**
    **READ THESE PAPERS CAREFULLY!**          **may call the Oregon State Bar's Lawyer**
21                                            **Referral Service at (503) 684-3763 or toll free**
    You must "appear" in this case or the other side will win   **in Oregon at (800) 452-7636.**
22  automatically. To "appear" you must file with the court
    a legal paper called a "motion" or "answer." The
23  "motion" or "answer" must be given to the court clerk or   Signature of Attorney/Author for Plaintiff
    administrator within 30 days along with the required
24  filing fee. It must be in proper form and have proof of   Kelly W.G. Clark, OSB# 83172
    service on the plaintiff's attorney or, if the plaintiff does   Attorney's/Author's Name (Printed)  Bar No.
25  not have an attorney, proof of service upon the plaintiff.
    If you have any questions, you should see an attorney
26  immediately.                              Trial Attorney if Other than Above (Printed)
                                              Bar No.

EXHIBIT __1__ Pg __15__

Page 1     SUMMONS

O'DONNELL, CLARK & CREW LLP
1650 NW Naito Parkway Suite 302
Portland, Oregon 97209
Ph: (503) 306-0224 Fax: (503) 306-0257

## DECLARATION OF MICHAEL SIMMS

I, Michael Simms, declare:

1.      I am over eighteen years of age and have personal knowledge of the following facts to which I could competently testify if called to do so.

2.      I was born on or about December 9, 1953.

3.      I have lived in Utah for the last 31 years.  I currently reside in Salt Lake City, Utah.  I have not resided in Oregon since I left the state in 1978.

4.      I recently learned about a lawsuit filed in Oregon that apparently names me as a defendant, but I have not received a copy of the complaint or otherwise been served with process in relation to any such lawsuit.


DATED:  December _29_, 2009.


_Michael Simms_
Michael Simms


EXHIBIT _2_ Pg _1_

## CERTIFICATE OF SERVICE

I certify that on December 31, 2009, I served a true copy of the foregoing **NOTICE**

**OF REMOVAL OF CIVIL ACTION** on the attorneys listed below by the method

indicated on said day.

Kelly Clark                                     **HAND DELIVERED**
1650 NW Naito Parkway, Ste. 302
Portland, OR 97209

Attorneys for Plaintiffs

David Angeli                                    **HAND DELIVERED**
Hoffman Angeli LLP
1000 SW Broadway, Ste. 1500
Portland OR 97205

Attorneys for Defendant Bolton

_____
Stephen F. English
David A. Ernst

Attorneys for Church Defendants

12218492.1

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**CERTIFICATE OF SERVICE**
**Page 1**